### WAPPUS v. DONELLY, City Marshal.

(Supreme Court, Appellate Term. December 23, 1904.)

1. INADEQUATE DAMAGES—APPEAL—AFFIRMANCE—CONDITIONS.

Where plaintiff appealed from a judgment awarding alleged inadequate damages, and the trial justice might reasonably have awarded a somewhat larger sum than he did, the judgment will be affirmed only on condition that the respondent stipulates to waive the costs of the appeal.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Annie Wappus against George Donelly. From a Municipal Court judgment in favor of plaintiff for alleged inadequate damages, she appeals. Affirmed on conditions.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

William Hauser, for appellant.
Miller, Miller & Storm, for respondent.

FREEDMAN, P. J. Most of plaintiff's evidence bearing upon the question of damages was incompetent, and upon the remainder, which was competent and relevant, the trial justice might reasonably have awarded a somewhat larger sum than $6, but we are not prepared to say that his findings present reversible error. On the other hand, the plaintiff should not be subjected to the costs of the appeal if we refrain from granting a new trial as matter of favor.

Under all the circumstances, the judgment should be affirmed upon condition that the respondent stipulates to waive the costs of the appeal; and, if he should decline to comply with this condition, the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). The defendant, a city marshal, having an execution against one Frederick Wappus, levied upon a van whereon was lettered his name, but claimed by his wife, here the plaintiff. The van was in use, being loaded and having a pair of horses hitched to it. After keeping it four days, the marshal released the van just before papers for its replevin were served upon him. The possession of the plaintiff was not contradicted, nor was her ownership called in question, save by circumstances more than counterbalanced by the admission implied in the return of the property. The amount of the judgment is but what she says it cost to deliver the goods which were in the van when the defendant took it. If she is entitled to what is awarded her, she is entitled to much more, for, as testified by herself and her manager, and not gainsaid by evidence or probabilities, the usable value of the van while it was away was several times that.